INHABITANTS OF WALPOLE *vs.* LAWSON D. GRAY & others.

If the defendants in an action brought in favor of a town have filed an affidavit of merits at the first term, the objection that the action was brought without the authority of the town cannot be taken after the expiration of that term, even though they have leave to file their answer in the vacation.

CONTRACT brought upon three bonds of the collector of taxes and his sureties. The writ was returnable to the superior court, September term 1864, and an affidavit of merits was duly filed during the term, and, leave having been given to extend the time of filing the answer, and the court having adjourned before the expiration of thirty days from the return day, the answer was filed in vacation, and amongst other defences denied that any person or persons had any authority to bring the suit, or that the plaintiffs ever passed any legal vote authorizing the suit. No exception was taken to the right of the plaintiffs' attorney to appear at any time before the cause was opened to the jury, which was at the second term. It appearing that no vote had been passed by the plaintiffs in town-meeting directing or authorizing the suit, *Rockwell*, J. ordered a nonsuit, ruling that the selectmen of the town could not authorize the suit to be brought. The plaintiffs alleged exceptions.

*H. W. Paine*, for the plaintiffs. The decision of the superior court upon their own rules is not final. *Tripp* v. *Brownell*, 2 Gray, 402. *Rathbone* v. *Rathbone*, 4 Pick. 89. And it was oo late to raise the objection at the second term. Rule II. of superior court. As to the powers of selectmen to institute suits, see *Augusta* v. *Leadbetter*, 16 Maine, 45; *Andover* v. *Grafton*, 7 N. H. 298; *Pike* v. *Middleton*, 12 N. H. 278; *Dennett* v. *Nevers*, 7 Greenl. 399.

*W. Colburn*, for the defendants. The appointment of agents to prosecute and defend town suits is provided for by Gen. Sts. *c.* 18, § 8, and should be by vote of tne town. This is not a question of the right of an attorney to appear, but of the right of selectmen to bring the suit: and the objection is a substantial and not a formal one, and may be made by answer. *Langdon*

v. *Potter*, 11 Mass. 313.    *Christian Society in Plymouth* v. *Ma-comber*, 3 Met. 235.    Selectmen, without authority, cannot bring a suit in the name of a town.    *Butler* v. *Charlestown*, 7 Gray, 12. *Lexington* v. *Mulliken*, Ib. 280.    The legislature by authorizing suits in certain cases by town officers negative by implication the right in other cases.    See Gen. Sts. *c.* 18, §§ 55, 56; *c.* 70, § 22; *c.* 86, § 19.

DEWEY, J.    The defendants came too late with their objection, denying any authority to institute and prosecute this action.    The action was returnable at September term 1864, and the defendants appeared and filed an affidavit " that they have a substantial defence thereto upon the merits, and intend to bring the same to trial."    Nothing further was done by the defendants during the first term.    An answer was filed in vacation, and the case was opened to the jury for trial at the second term.    No objection had been taken to the right of the plaintiffs' attorney to appear at the first term, nor at any time before the cause was opened to the jury.    This was too late to raise the question of authority to institute the action.

An affidavit of merits precludes filing at a subsequent period an answer in abatement.    *Cole* v. *Ackerman*, 7 Gray, 38.    *Whipple* v. *Rogerson*, 12 Gray, 347.    An objection of this character should be taken at the first term.    *Simonds* v. *Parker*, 1 Met. 508.    *Gerrish* v. *Gary*, 1 Allen, 214.    *Hastings* v. *Bolton*, 1 Allen, 529.    *Pratt* v. *Sanger*, 4 Gray, 84.

In sustaining these exceptions, we are not to be understood as affirming the authority of selectmen to institute and prosecute suits in the name of the town, or to defend suits against the town, without further authority than that which attaches to their office as selectmen.    The view taken by this court in *Butler* v. *Charlestown*, 7 Gray, 12, and *Lexington* v. *Mulliken*, Ib. 280, was that they are not authorized thus to act.    But the point then arose under very different circumstances from those in the present case, and presented no question as to the proper time for taking such objection by the defendants.

But while we hold that selectmen, as such, are not thereby egally constituted agents of the town to institute and prosecute

suits in favor of the town or to appear and defend suits against the town, we do not suppose that a suit thus instituted under some peculiar emergency and when no other person had been authorized to act in the matter would necessarily be in all cases dismissed upon a motion or plea in abatement for that cause filed at the first term. It would be competent for the court upon reasonable grounds shown therefor to order a continuance of the case, to enable the town to ratify and adopt the suit and appoint agents to prosecute the same.

But however this may be, it is not competent to raise the objection in the manner this was done at the second term, the defendants having filed at the first term an affidavit of merits and substantial defence in the case, and that they intend to bring the same to trial. *Exceptions sustained.*